IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE L. REMENAR, | : | No. 4:05-740 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social | : | |
| Security, | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

### May 11, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 31, 2006, Magistrate Judge Mannion filed a Report and Recommendation (doc. 7) reviewing the appeal of the Commissioner's decision to deny Plaintiff Michele L. Remenar's ("Plaintiff") claim for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. Magistrate Judge Mannion found that substantial evidence existed to support the Commissioner's decision and recommended that the appeal be denied.

Objections to the Magistrate Judge's Report were due on April 17, 2006 and to date none have been filed. This matter is now ripe for disposition.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

The Plaintiff protectively filed an application for DIB and SSI on May 9, 2003, alleging disability since August 26, 2002 due to migraine headaches and pain in her right wrist, right shoulder, neck and back.  After an initial denial of her claim, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ").  At the hearing, the Plaintiff and a vocational expert ("VE") testified and the ALJ issued a decision denying the Plaintiff's claims.

The Plaintiff thereafter filed a request for review of the ALJ's decision that was subsequently denied by the Appeals Council, rendering the ALJ's decision the final decision of the Commissioner.  The Plaintiff filed an appeal of the Commissioner's decision on April 14, 2005.  The Plaintiff contended that the ALJ erred in 1) finding her not credible with respect to her subjective complaints of pain; 2) finding that she had the residual functional capacity ("RFC") to perform light work; and 3) his assessment of the functional consequences of her depression. Magistrate Judge Mannion filed the instant Report and Recommendations (doc. 7) denying the appeal on March 31, 2006.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it.

See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Mannion's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, Magistrate Judge Mannion found that the ALJ did not improperly discount the Plaintiff's subjective complaints of pain by only citing a portion of a doctor's report noting that Plaintiff had ceased having migraines. Although other doctors' reports noted that the Plaintiff continued to have headaches and neck pain, it is within an ALJ's discretion to weigh a claimant's subjective complaints against the medical evidence and reject them. See 20 C.F.R. §§ 404.1529, 416.929. Here, the ALJ recognized that while the Plaintiff's record showed complaints of headaches and neck pain, he concluded that "the minimal findings on physical and mental examinations, the lack of strong pain medications and ongoing treatment, and the positive response to treatment" in addition to Plaintiff's daily activities did

not support the Plaintiff's claims of disabling pain. (Rec. Doc. 7 at 13). We agree with Magistrate Judge Mannion's finding that nothing in the record indicated that the ALJ's credibility determination was extraordinarily harsh or outrageous.

Second, Magistrate Judge Mannion found that there was substantial evidence supporting the ALJ's finding that the Plaintiff retained the RFC to perform light work. Specifically, Plaintiff contended that the ALJ ignored two opinions regarding her RFC: the Disability Determination Services' ("DDS") RFC evaluation and her treating physician's opinion that Plaintiff was unable to work. As Magistrate Judge Mannion notes, the nature for the Plaintiff's complaint with regard to the ALJ's decision to grant little weight to the DDS RFC finding is unclear, as the ALJ's RFC findings are, in fact, more restrictive that those set out in the DDS report. Moreover, Plaintiff's treating physician did not provide RFC findings, but only rendered a simple "To Whom It May Concern" statement, written on his prescription pad, that the Plaintiff was unable to work due to injuries stemming from her August 2002 car accident. Also, the ALJ appropriately considered that the Plaintiff's treatment by the treating physician consisted only of conservative treatment, including medication, chiropractic care and injections. (Rec. Doc. 7 at 15-16).

Finally, Magistrate Judge Mannion found that the ALJ followed appropriate

4

procedure in determining that the Plaintiff's mental impairment was not disabling. Magistrate Judge Mannion notes that the ALJ satisfied the procedure set out in the Regulations for determining whether a claimant's mental impairment is disabling, and cited substantial evidence to support his related findings.

Accordingly, our review of this case obviously confirms Magistrate Judge Mannion's determinations. Because we find no error in Magistrate Judge Mannion's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Mannion's Report and Recommendation (doc. 7) is ADOPTED in its entirety.

2. The Plaintiff's appeal is DENIED.

3. The Clerk is directed to close this file.

S/ John E. Jones III
John E. Jones III
United States District Judge
